U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 3 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BRYAN EDWARD BAUDOIN, D.O. | CIVIL ACTION NO. 07-751 |
| versus | JUDGE TRIMBLE |
| MID-LOUISIANA ANESTHESIA CONSULTANTS, INC., APMC, ET AL | MAGISTRATE JUDGE KIRK |

MEMORANDUM RULING

Before the court is a motion to dismiss and, alternatively, to stay proceedings [R. 9] filed by Mid-Louisiana Anesthesia Consultants, Inc., APMC, Francis X. Robichaux, M.D., Joseph C. Patton, M.D., Jeffrey T. Rapp, M.D. and Mark D. LeMaire, M.D. ("defendants"). After consideration of the law and arguments presented by the parties, the court finds that defendants' instant motion should GRANTED in part and DENIED in part.

I.    Background

    A.    Relevant Facts

Plaintiff Bryan Edward Baudoin, D.O. ("Baudoin") entered into an employment contract with defendant Mid-Louisiana Anesthesia Consultants, Inc. ("MLAC") on March 29, 2004[1]. Baudoin filed this suit against defendants in 2007, alleging violations of the

---

[1] "Physician Employment Agreement" attached as exhibit to defendants' motion to dismiss [R. 9], at p. 1.

Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, et seq., by both MLAC and certain individual physicians also employed by MLAC. Additionally, Baudoin's suit alleges state law causes of action against MLAC for breach of contract and against those same individuals for intentional interference with contract.

Plaintiff's complaint sets forth allegations that MLAC breached the employment contract existing between the parties in that it refused to offer partnership to Baudoin as was guaranteed under Section 8(a)[2] of the same. Baudoin asserts that, although he was told that this decision was based on his productivity, MLAC actually refused him a partnership opportunity based on his impending departure to Walter Reed Army Medical Center for a ninety (90) day deployment as a member of the United States Army Reserve. Baudoin admits that he was offered, in lieu of the expected partnership, a substantial increase in salary which, he was told by MLAC, was equal to 85% of what partners in the practice were making each year. Baudoin asserts that this increased salary was substantially less than the 85% of partnership pay he was promised.

Baudoin resigned his employment with MLAC in December of 2006.

B.   Applicable Standard

Federal Rule 12(b)(6) permits dismissal of a complaint when it fails to state a claim

---

[2]This section of the contract reads:
   "8.   Term. The term of this Agreement shall be twenty-four (24) months commencing on May 3, 2004, unless earlier terminated pursuant to Section 9 hereof.

   (a)   Employee shall be offered partnership after two complete years of employment."

2

upon which relief may be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and must resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of plaintiff. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations..." Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery...or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995).

**II.     Analysis of Law and Argument**

   *A.     Application of FAA or LBAL*

Defendants assert that the interpretation of the arbitration agreement before us is governed by the Federal Arbitration Act ("FAA"). Plaintiff points out that the FAA only pertains to arbitration agreements concerning contracts involving interstate commerce, but that the Louisiana Binding Arbitration Law (La. R.S. 9:4201, et seq.) is virtually identical to the FAA, with the exception of the separability doctrine. We agree with plaintiff's assessment of this issue and will proceed accordingly, treating the agreement to arbitrate as a contract unto itself, which is to be interpreted without regard to the validity of the underlying

agreement. Williams v. Litton, 865 So.2d 838 (La. App. 3 Cir. 12/23/03), citing Prima Paint Corp. v. Flood & Conklin Manufacturing Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967).

  B. *Plaintiff's claims against MLAC*

  Defendants urge this court to dismiss plaintiff's suit under Rule 12(b)(3), claiming that disagreements arising out of the contract between the parties are subject to mandatory arbitration and, thus, we are an improper venue for redress of the allegations made by plaintiff. Plaintiff responds by construing the arbitration clause within Section 13 of the contract narrowly and by pointing out that several of his claims are not against the corporation with which he contracted, but, instead, individual physicians. Thus, he argues, each of his claims fall outside the scope of the arbitration agreement.

  The contract at issue states, in pertinent part,

> "13. Severability. Should any part of this Agreement be declared invalid, such shall not affect the validity of any remaining portion and any such remaining portion shall continue in force and effect as if this Agreement had been executed with such invalid portion eliminated, and it is hereby declared the intention of the parties hereto that they would have executed the remaining portion of this Agreement without including any such part or portion which may or any reason hereafter be declared invalid. Further, if the validity of any portion of this Agreement should be contested as invalid or unenforceable by any party hereto, all parties h /sic/ hereby agree to submit any such dispute to binding arbitration under the rules of the American Arbitration Association to be held at Alexandria, Louisiana. The purpose of such arbitration shall include reformation of this Agreement retroactive in effect, if possible, to make the Agreement valid, binding, and enforceable, in keeping with the terms and spirit of the original Agreement as much as possible."

Plaintiff's suit seeks redress from his previous employer because he was not offered

4

partnership pursuant to Section 8 of the contract between them. Defendants allege that, because MLAC is a corporation, not a partnership, this term is invalid, creating a dispute which falls squarely within the scope of the arbitration agreement.

Our first step in evaluating a motion to compel is to determine whether the parties agreed to arbitrate. Two considerations dictate the outcome of this inquiry: (1) whether or not a valid agreement to arbitrate exists between the parties; and (2) whether the dispute at hand fits within the parameters of the arbitration agreement. Fleetwood Enterprises, Inc. v. Gaskamp, 280 F.3d 1069 (5th Cir. 2002), citing Webb v. Investacorp, 89 F.3d 252, 258 (5th Cir. 1996).

Addressing these questions to the case before us, we find that the parties did execute a valid arbitration agreement. Neither party alleges that the contract should be set aside on the basis of vice or other defect. Therefore, we find that a valid arbitration agreement exists between the parties in this case.

When a valid arbitration agreement exists, as here, the question of whether or not a particular dispute falls within the scope of the agreement may or may not be one which the court may properly consider. When the parties express the intent for matters of arbitrability to be determined by the arbitrator, that intent must govern and the court should not delve into such matters, leaving them to the parties' selected arbitrator. However, if the parties do not reserve the issue of arbitrability to the arbitrator, arbitrability is a matter to be determined by the court. First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d. 985 (1995).

The case before us incorporates, by reference, the rules of the American Arbitration

Association ("AAA"). These incorporated rules are not sufficient to express the intent of the parties to commit matters of arbitrability to an arbitrator. In an instance where the parties do not manifest an express intent to have arbitrability determined by an arbitrator, the presumption is that arbitrability will be determined by the court. Williams v. Litton, 865 So.2d 838, 843 (La. App. 3 Cir. 2003), writ denied 870 So.2d 274 (La. 4/8/04), quoting Kaplan, supra, 514 U.S. 938, 944-945.

The contract at issue does not expressly address determination of issues of arbitrability. As such, this court finds that it is the proper adjudicator of whether or not the claims raised by plaintiff fall within the scope of the arbitration agreement.

Recalling the language of the agreement to arbitrate, we find that plaintiff's claims and defendants' responses necessarily concern whether or not the promise of partnership found in Section 13 of the contract is "invalid or unenforceable" as to defendants. Therefore, this court finds that plaintiff's claim for breach of contract concerning lost partnership opportunity is subject to the arbitration agreement contained within the employment contract.

We reject plaintiff's view that the arbitration clause at issue is narrow in scope and must be limited to matters within the severability portion of the contract. Construing the agreement in this manner produces an absurd result and deprives the preceding sentence concerning severability and the survival of the residual contract almost meaningless. Louisiana law concerning the interpretation of contracts strictly forbids such a result. La. Civ. C. Arts. 2045 - 2050.

Plaintiff's other claim against MLAC concerns MLAC's alleged violation of USERRA. Section 10 of the contract provides:

> "10. Service in the Armed Forces. It is understood that if Employee is employed by the Armed Forces of the United States, and the Corporation and Employee agree to use their best efforts to permit Employee to render services to the Corporation as long as such an arrangement is feasible for both parties. In the event such service in the Armed Forces shall prevent or prohibit Employee from rendering full-time services to the Corporation, the Corporation has the right to negotiate arrangements with Employee to accommodate both parties while Employee is fulfilling military service. If both parties are unable to come to agreement, Corporation has the right to terminate the contract."

As above, we find that plaintiff's allegations concerning USERRA are also related to whether or not this provision of the contract is "invalid or unenforceable." Consequently, we find that this claim is also subject to the agreement to arbitrate.

We do not reach the issue of whether or not plaintiff's complaint fails to state a cause of action under USERRA as alleged by defendants' instant motion. As we have already stated, the parties have agreed to arbitrate issues pertaining to the validity and enforcement of provisions within the contract of employment, and we therefore find that we have exhausted our jurisdiction over this matter, which necessarily concerns interpretation of the contract at issue.

C.   *Failure to state a claim under USERRA*

Defendants' motion urges the court to dismiss plaintiff's claim under USERRA on the basis that his complaint fails to state a claim under that law as to which relief may be granted. Specifically, defendants allege that the lost partnership opportunity Baudoin claims entitlement to is not the sort of "benefit of employment" contemplated by USERRA.

We have already determined that plaintiff's allegations as to MLAC fall within the scope of the arbitration agreement between these parties. As such, we find that we do not

have jurisdiction to delve into issues concerning interpretation of the underlying agreement and the character of the partnership opportunity. In other words, this is a matter to be determined by the arbitrator. Accordingly, this portion of defendants' motion shall be denied.

### D.   *Plaintiff's claims against individual physicians*

"Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." La. R.S. 9:4201, et seq.; Tittle v. Enron Corp., 463 F.3d 410 (5th Cir. 2006), quoting AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), quoting Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960).

The employment contract before us was executed between MLAC and plaintiff Baudoin[3]. We find no evidence which suggests that the individual physicians named as defendants in this suit were parties, in their individual capacities, to the contract at issue. Considering our findings that the remainder of plaintiff's claims shall be subject to arbitration under the express provisions of the contract, we will decline to retain jurisdiction over plaintiff's state law claims against individual defendants for intentional interference with contract. Plaintiff may pursue these claims in an appropriate state court.

---

[3]See introductory paragraph of "Physician Employment Agreement" which states: "THIS AGREEMENT is entered into this 29[th] day of March 2004, by and between MID-LOUISIANA ANESTHESIA CONSULTANTS, INC. (A PROFESSIONAL MEDICAL CORPORATION), a Louisiana professional medical corporation organized and existing under the laws of the State of Louisiana, herein represented by Francis X. Robichaux, M.D., its President (the "Corporation"), and Bryan Edward Baudoin, D.O. an individual of the full age of majority, duly licensed and qualified to practice medicine in the State of Louisiana (the "Employee")."

### III. Conclusion

This court finds that the employment contract which forms the basis of this suit contains a valid agreement to arbitrate issues concerning the validity or enforceability of any provision of the contract as provided in Section 13 of the same. Further, we find that this arbitration clause contains no expression of intent by the parties to commit issues of arbitrability to arbitration, leaving these issues, instead, for our determination. Undertaking this task, we find that plaintiff's allegation of breach of contract arising from MLAC's decision not to provide him with a partnership opportunity necessarily concerns the validity or enforceability of Section 8 of the employment contract and is, therefore, subject to arbitration. We also find that plaintiff's claim against MLAC for violation of USERRA arising out of MLAC's knowledge of Baudoin's impending three-month deployment as a member of the United States Army Reserve necessarily pertains to Section 10 of the contract concerning special arrangements for the accommodation of employees who are also members of the United States Armed Forces. This claim is, therefore, also subject to arbitration.

Finding that plaintiff's claim under USERRA is subject to arbitration we will not delve into interpretation of the contractual provisions at issue in order to determine whether plaintiff has failed to state a claim. We leave this matter to the arbitrator.

As to plaintiff's state law claims against individual physicians, this court finds no reason to retain jurisdiction over these matters and finds that they should be dismissed. Plaintiff may pursue these claims in any appropriate state court.

Therefore, defendants' motion shall be GRANTED insofar as plaintiff's claims against MLAC are subject to arbitration pursuant to the employment contract executed

between MLAC and Baudoin.  Such claims will be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 12(b)(3) as we are not an appropriate venue for adjudication of the merits of the same.  Defendants' motion shall also be GRANTED with respect to plaintiff's claims against individual physicians, as such claims will be DISMISSED without prejudice. Plaintiff shall reserve all available rights to pursue these dismissed claims in arbitration and appropriate state courts, respectively.

Alexandria, Louisiana

July 27, 2007

JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE