U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 1 6 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

---

| | |
|---|---|
| BRYAN EDWARD BAUDOIN, D.O. | CIVIL ACTION NO. 07-751 |
| versus | JUDGE TRIMBLE |
| MID-LOUISIANA ANESTHESIA CONSULTANTS, INC., APMC, ET AL | MAGISTRATE JUDGE KIRK |

---

### MEMORANDUM RULING

Before the court is a "Motion to Stay Pending Appeal or Alternatively to Dismiss" filed by defendants Francis X. Robichaux, M.D., Joseph Gerald Patton, M.D., Jeffrey T. Rapp, M.D. and Mark G. LeMaire, M.D. ("Defendants") [R. 5]. Plaintiff, Bryan Edward Baudoin, D.O. filed a motion to remand [R. 6] which is also herein considered.

Plaintiff filed an earlier suit against Mid-Louisiana Anesthesia Consultants, Inc. ("MLAC") (Civil Action No. 07-751) alleging breach of his employment contract and violations of the Uniform Services Employment and Reemployment Rights Act[1]. Defendants to the instant suit were also named in the prior suit, in which plaintiff alleged that these individual doctors had intentionally interfered with his employment contract.

On July 30, 2007 this court issued a judgment dismissing plaintiff's claims against MLAC with prejudice for want of proper venue, as these claims were found to be subject to a valid arbitration agreement. The court declined to retain jurisdiction over plaintiff's state law

---

[1] 38 U.S.C. § 4301, et seq.

claims for intentional interference with contract against the individual doctors and reserved unto plaintiff all rights necessary to pursue that claim in state court, should he choose.[2] Plaintiff appealed this judgment to the United States Court of Appeals for the Fifth Circuit, which appeal is currently pending in that court.[3] During the pendency of this appeal, plaintiff also filed a second suit in the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana. Defendants timely removed this suit[4], which is now before this court.

Plaintiff's suit alleges violations of the Louisiana Military Service Relief Act[5], as well as intentional interference with contract against defendants, the individual doctors named in plaintiff's first suit. Defendants filed a motion for stay of these proceedings pending plaintiff's appeal to the U.S. Fifth Circuit or, alternatively, to dismiss plaintiff's claims on the bases of res judicata and/or failure to join an indispensable party (MLAC).[6] Shortly thereafter, plaintiff filed a motion for remand.[7] At our referral, Magistrate Judge Kirk issued his Report and Recommendations[8] in which he recommended denial of plaintiff's motion for remand and, additionally, consolidation of this suit with plaintiff's prior suit making our judgment in that matter applicable to the instant case on the basis that this suit raises issues identical to those

---

[2] R. 13, 14.

[3] R. 16.

[4] Civil Action No. 07-1545; R. 1, 2.

[5] La. R.S. 29:401, et seq.

[6] R. 5.

[7] R. 6.

[8] R. 16.

adjudicated by this court's prior ruling. While we agree with Magistrate Judge Kirk's assessment of the motion to remand and find that it should be denied, we will not consolidate plaintiff's instant suit with his prior suit at this time for the reasons expressed below.

Plaintiff's claims against defendants under the Louisiana Military Service Relief Act are, in truth, federal claims because Louisiana's provision "...are intended to be supplemental to any rights that persons called to military service have under any applicable federal statutes, particularly...the Uniform Services Employment and Reemployment Rights Act..."[9] Thus, as Magistrate Judge Kirk concluded, a federal question is necessarily implied by plaintiff's claims. Moreover, we find that this federal question has already been adjudicated by this court's prior ruling in which we determined that plaintiff's claims as to violations of USERRA were subject to arbitration per the contract of employment existing between the parties. Thus, we now find that plaintiff's claim under the Louisiana counterpart to USERRA should be dismissed as res judicata.

Plaintiff's claims for intentional interference with contract remain, however. Specifically, plaintiff alleges that defendants acted to deprive him of the partnership to which he asserts entitlement under the employment contract existing between him and MLAC. Defendants argue that these claims against them as individuals are improper because they were not parties to the contract as individuals. Defendants further argue that MLAC, the true party in interest to the contract, is an indispensable party to this suit who cannot now be joined due to the fact that an identical claim has already been asserted against it and is now on appeal to the U.S. Fifth Circuit. While the court previously decline to retain jurisdiction over these state law

---

[9]LSA-R.S. 29:402C.

3

claims, we now find that, given the pendency of plaintiff's appeal on the issue of breach of contract, it is proper for us to retain plaintiff's claims against defendants for intentional interference with contract and, additionally, to stay these proceedings pending the outcome of plaintiff's appeal.

Alexandria, Lousiana
November 16, 2007

*/s/ James Trimble*
JAMES T. TRIMBLE, JR.
UNITED STATE DISTRICT JUDGE